CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

SEP - 1 2005

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) Civil Action No. 1:03cr00040 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| **LARRY J. PIERCE II, et al.** | ) |
| | ) By: Glen M. Williams |
| | ) Senior United States District Judge |

On August 29, 2003, a jury found the defendant, Larry J. Pierce II, guilty of mail fraud and conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1341 and 371. (Docket Item No. 43.) This matter is currently before the court on a petition filed by Linda Pierce pursuant to the forfeiture provisions set forth in 21 U.S.C. § 853(n). Jurisdiction over this matter is based on 28 U.S.C. § 1355.

*I. Background and Facts*

On April 11, 2003, a grand jury indicted Linda Pierce, Larry J. Pierce II, Bill Hoss and Bill Hoss II on eleven counts of mail fraud and one count of conspiracy to commit mail fraud. (Docket Item No. 1.) Subsequent to their indictment, Bill Hoss and Bill Hoss II each plead guilty to one count of conspiracy to commit mail fraud. (Docket Item Nos. 30, 35, 36, 40.) The Pierces elected to stand trial jointly and, on August 29, 2003, a jury acquitted Linda Pierce on all counts of the indictment. (Docket Item No. 42.) Larry Pierce, however, was convicted on ten counts of mail fraud and one count of conspiracy to commit mail fraud, and the district court

sentenced him to 26 months in prison and ordered him to pay $235,000.00 in restitution. (Docket Item No. 42, 43, 95.)

By Order of Forfeiture dated September 23, 2004, the court ordered Larry Pierce to forfeit to the United States his interest in four specified bank accounts. (Docket Item No. 74.) Specifically, these accounts were identified as one certificate of deposit in the amount of $5,485.35 held at Suntrust Bank, one savings account in the amount of $2,228.87 held at First Tennessee Bank, one certificate of deposit in the amount of $10,000.00 held at First Tennessee Bank and one certificate of deposit in the amount of $8,954.91 held at People's Community Bank. (Docket Item No. 71, at 1-2.) All accounts are held by Larry and Linda Pierce as joint tenants with right of survivorship. (Stipulation Of Facts, at 1.) Following the court's order, Linda Pierce filed this petition asserting her sole interest in the relevant accounts. (Memorandum Of Law.) A hearing was held on August 23, 2005, and the court took the petition under advisement. (Docket Item No. 110.)

## II. Analysis

The legal standard applicable to a petition filed pursuant to 21 U.S.C. § 853(n) is clear. Specifically, in a § 853(n) proceeding, the petitioner has the burden of establishing by a preponderance of the evidence that she has a legal right, title or interest in the property that is superior to the right, title or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property. *See* 21 U.S.C.A. § 853(n)(6) (West 1999); *U.S. v. Morgan,* 224 F.3d 339, 341 (4th Cir. 2000). The Fourth Circuit has adopted the "dominion and control" test

for determining whether a § 853(n) petitioner holds a property interest in forfeited assets. *Morgan*, 224 F.3d at 343. In adopting the dominion and control test, the court noted that "[f]ailing to look beyond bare legal title or whether the petitioner has a property interest under state law would foster manipulation of ownership by persons engaged in criminal activity." *Morgan*, 224 F.3d at 343. The court went on to note that "§ 853(n)(6) should be construed to deny relief to third parties acting as nominees of the defendant or who knowingly engage in sham or fraudulent transactions." *Morgan*, 224 F.3d at 343. Finally, upon a showing sufficient to meet the requirements of § 853(n), "the district court must amend the forfeiture order to respect the petitioner's property interest." *Morgan*, 224 F.3d at 341 (citing 21 U.S.C.A. § 853(n)(6)).

As noted above, the court must first determine whether the petition has an interest in the forfeited accounts under state law. In *Leffew v. Mayes*, 685 S.W.2d 288, 291 (Tenn. App., 1984), the Tennessee Court of Appeals held that "[w]here funds are on deposit in a joint account with right of survivorship, . . . during the lifetime of the joint tenants a rebuttable presumption arises that the parties own the money on deposit equally." And, upon suit being brought by one joint tenant claiming one-half of the funds deposited in the joint accounts, the other joint tenant has a right of action to contest that claim and show the realities of ownership. *Leffew*, 685 S.W.2d at 291. In the case at hand, the court notes that the petitioner has failed to produce any evidence regarding the creation of the accounts or the Pierces' relevant interest in the accounts. While the parties have stipulated that Linda Pierce would testify that the accounts at issue were created using the funds she inherited from her parents' estates, (Stipulation Of Facts, at 1), she has not, as of yet, signed and filed

-3-

a sworn document to that effect. The fact that Linda Pierce's attorney signed her § 853 petition and the Stipulation of Facts does not, as she contends, qualify as a signed affidavit for the purpose of establishing her claim. Thus, the court finds that Linda Pierce has failed to establish her superior interest in the accounts under state law. Furthermore, even if it were shown that Linda Pierce had sole interest in the accounts under state law, there is no evidence that she maintained dominion and control over the accounts during the time period at issue in this case. Linda Pierce has produced no evidence in support of her claim that the accounts were created using the money she inherited from her parents' estates, (i.e. whether the total balance of the accounts correspond to the amount of her inheritance), nor has she explained why the money was divided up and placed in four separate accounts in three separate banks. Therefore, because the petitioner has failed to establish her superior interest in the four named accounts, the government may proceed in forfeiting Larry Pierce's one-half interests in the accounts in accordance with the Order Of Forfeiture dated September 23, 2004.

### III. Conclusion

For the reasons stated above, Linda Pierce's petition filed pursuant to 21 U.S.C. § 853(n) will be overruled.

An appropriate order will be entered.

DATED: This __1__ day of ~~August,~~ September, 2005.

/s/ Glen M. Williams
_____
SENIOR UNITED STATES DISTRICT JUDGE

Case 1:03-cr-00040-GMW   Document 113   Filed 09/01/05   Page 5 of 5   Pageid#: 145